**Shahin SULOVARI, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES,**
**Respondent.**

**No. 08–2160.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 29, 2009.

Filed: Oct. 9, 2009.

Charles Christophe, Esq., Christophe & Associates, New York, NY, for Petitioner.

Sharon M. Clay, Esq., Richard M. Evans, Esq., Paul Fiorino, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: RENDELL and AMBRO, Circuit Judges, and McVERRY, District Judge.*

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Shahin Sulovari, a native and citizen of Albania, seeks review of an order of the Board of Immigration Appeals ("BIA") affirming the denial by the Immigration Judge ("IJ") of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

Sulovari entered the United States on May 6, 2005, and was placed in removal proceedings within days of his arrival. Sulovari then applied for asylum, withholding of removal, and relief under the CAT. Before the IJ, Sulovari testified that he fears persecution in Albania because he and his family support King Zoh of Albania (known as the "legality party") in opposition to the communist regime that is currently in control. Sulovari testified to instances of persecution in Albania where he was detained by police, beaten, interrogated, and threatened. In particular, Sulovari testified that on at least four separate occasions police detained and abused him for five hours, ransacked his home, beat him and threatened him with death if he continued to participate in the legality movement, detained and interrogated him without food and water for ten hours, and beat him with batons until his face was bleeding and he was unable to walk. The IJ found Sulovari incredible because his accounting of these events was vague, unverified, exaggerated, and often defied logic. The IJ found that Sulovari had failed to establish a well-founded fear of persecution and therefore failed to meet his burden for asylum or withholding of removal. The IJ also found that Sulovari failed to meet his burden with regard to CAT because he failed to establish a link to official acquiescence with regard to his alleged persecution. The BIA dismissed Sulovari's appeal after finding no clear error in the IJ's credibility determination. Sulovari filed a timely appeal contending that the BIA erred in upholding the IJ's finding because Sulovari presented credible testimony and the IJ's adverse credibility finding was not based on substantial evidence.

We have jurisdiction over Sulovari's petition pursuant to 8 U.S.C. § 1252(a). When the BIA substantially adopts the findings of the IJ, we review both decisions. *He Chun Chen v. Ashcroft,* 376 F.3d 215, 222 (3d Cir.2004). Board determinations are upheld if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). We review factual findings, including adverse credibility determinations, under the substantial evidence standard. *Butt v. Gonzales,* 429 F.3d 430, 433 (3d Cir.2005). An adverse credibility finding must be afforded substantial deference, so long as the finding is supported by sufficient, cogent reasons. *Id.* at 434. Adverse credibility determinations that are supported by sufficient evidence are upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Chen,* 376 F.3d at 223 (quoting 8 U.S.C. § 1252(b)(4)(B)). Under the REAL ID Act, the IJ may base his or her credibility determination on:

---

* Honorable Terrence F. McVerry, Judge of the United States District Court for the Western District of Pennsylvania, sitting by designation.

1. Sulovari was originally represented by counsel in this petition for review. On August 5, 2009, Sulovari's counsel moved to withdraw because he was unable to contact Sulovari and did not know his whereabouts.

[T]he totality of the circumstances, and all relevant factors ... on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C.A. § 1158(b)(1)(B)(iii).

Here, although the IJ found Sulovari's statements to be consistent, the IJ's determination that Sulovari's testimony was improbable, when viewed in light of the record as a whole, does not compel us to reach a contrary conclusion.

The IJ's finding of adverse credibility, and the BIA's affirming of that finding, are thus supported by substantial evidence. The IJ was troubled by the fact that Sulovari's testimony about the activities of the legality party was not verified by any other sources, despite Sulovari having a well-respected attorney and sufficient opportunity to do so. Based on his own research about Albania, the IJ concluded that, although there is political strife in Albania, members of the minority parties have been able to gain some representation. Therefore, the IJ concluded that Sulovari's account of the political situation in Albania was exaggerated. The IJ also found it incredible that Sulovari never received any medical attention, nor suffered any permanent or visible injury, despite testifying that he had been beaten with fists and batons for periods of five to ten hours. In affirming the IJ's decision, the BIA pointed out that Sulovari's letter from his political party failed to mention any beatings and that Sulovari neglected to provide any corroborating evidence from his family, which was easily available.

Sulovari explained that he did not seek medical attention after the beatings, despite being so badly beaten at one point that he could not walk, because he was afraid that the police would find him at a clinic or hospital and interrogate him further. Sulovari also testified that he requested a letter from his political party simply to verify that he was a member, and that he did not have any personal contact with the writer. These explanations do not compel a different result and are therefore insufficient to overcome the IJ's adverse credibility determination. The IJ's reasons for finding that Sulovari failed to meet his burdens of proving past or future persecution, and that he would more than likely be subjected to torture by or with the acquiescence of an Albanian official, are sufficient and cogent.

For the foregoing reasons, we will deny Sulovari's petition for review.